

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

April 13, 1962

Honorable Justin A. Kever        Opinion No. WW-1309
District Attorney
San Angelo, Texas                Re: Construction of Section
                                     4 of Article 301d, V.P.C.,
                                     relative to public school
                                     fraternities, sororities,
Dear Mr. Kever:                      and secret societies.

      Your request for an opinion relating to Section 4 of Article 301d, V.P.C., which provides that certain agencies shall be exempt from the restrictions provided in other sections of this Article, as well as other kindred educational organizations sponsored by the state and national education authorities, presents the following question:

> "Does this provision exempt other public welfare agencies which are not listed in Section 4?"

      Article 301d, V.P.C. is an Article designed primarily to prohibit public school fraternities, sororities, and secret societies in all public schools of this State, except universities and colleges. Section 1 of the article prohibits such organizations. Section 2 defines such organizations to be those composed wholly or in part of public school pupils of public schools below the rank of college or junior college level which seek to perpetuate themselves by taking in additional members from the pupils enrolled in such school on the basis of the decision of its membership rather than upon the free choice of any pupil in the school who is qualified by the rules of the school to fill the special aims of the organization. Section 3 declares a public school fraternity, sororitity, or secret society to be an organization inimical to the public good. Section 4 provides as follows:

> "It should be the duty of School Directors, Boards of Education, School Instructors and other corporate authority managing and controlling any of the Public Schools of this State within the provisions of this Act, to suspend or expel from the school under their control any pupil of such school who shall

be or remain a member of, or who shall join or promise to join, or who shall become pledged to become a member of, or who shall solicit any other person to join, or promise to join, or be pledged to become a member of any such Public School Fraternity, or Sorority, or Secret Society. Providing that the above restrictions shall not be construed to apply to agencies for Public Welfare viz: Boy Scouts, Hi-Y, Girl Reserves, DeMolay, Rainbow Girls, Pan-American Clubs, and Scholarship Societies, and other kindred educational organizations sponsored by the State or National education authorities."

Section 5 makes it unlawful for any person not enrolled in a public school to solicit any pupil to join or pledge such an organization. Section 6 contains the penalty clause, and Section 7 makes the Act applicable to all grades up to and including high school level.

In 2 Southerland Statutory Construction (3rd Ed., 1943) 338, it is said:

"When the words are not explicit, the intention is to be collected from the context; from the occasion and necessity of the law; from the mischief felt and the remedy in view; and the intention should be taken or presumed according to what is consistent with reason and good discretion."

The primary purpose of the Act in question is to prohibit a public school fraternity, sorority, or secret society and it is evident that the Act places a duty on the authority managing a public school, that a student participating in such a prohibited organization is to be expelled or suspended from school.

The final sentence of Section 4 exempts from the operation of this Statute the organizations specifically named therein under all circumstances. Black's Law Dictionary, 4th Ed. defines videlicit (viz):

"The use of the videlicit is to point out, particularize, or render more specific that which has been previously stated in general language only; also to explain that which is doubtful or obscure."

In considering the act as a whole, its nature and object, the only reasonable construction that can be placed on the last sentence of Section 4 is that only the public welfare organizations listed, as well as the kindred educational organizations sponsored by the State or National authorities are exempt by this Act, even though by reason of the nature of the selection of their members they would otherwise fall within the definition stated in Section 2. Any organization not fitting into the above classification should be considered not exempt from Section 4, due to the wording of this Section in which it provides:

> "Providing that the above restrictions shall not be construed to apply for agencies for Public Welfare, viz: . . ."

The intent of the Legislature would be thwarted in prohibiting the types of societies ennumerated in the Act if the provisions of Section 4 are interpreted as being merely directory. Because of Article 4399, V.C.S., we are unable to answer your remaining questions.

### S U M M A R Y

The provisions of Section 4, Article 301d, V.P.C., relating to exempt agencies of Public Welfare, as well as the kindred educational organizations sponsored by the State and National educational authorities, are the only agencies which are entitled to be free of the restrictions placed on public fraternities, sororities, and secret societies even though the exempt organizations' selection of members may fall within the definition of Section 2.

Yours very truly,

WILL WILSON
Attorney General of Texas

By   *Charles R. Lind*

Charles R. Lind
Assistant Attorney General

CRL:bjh

APPROVED:

OPINION COMMITTEE:

W. V. Geppert, Chairman

Bill Colburn
Elmver McVey
Norman V. Suarez
John Hofmann

REVIEWED FOR THE ATTORNEY GENERAL

BY:  Houghton Brownlee, Jr.